IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>vs.<br><br>CINDY RAE ANDERSON LYNN,<br>Serve at:<br>3780 Shugars Hill Rd.<br>Liberty, Kentucky 42539<br><br>CYNTHIA N. SEARS,<br>Serve at:<br>3780 Shugars Hill Rd.<br>Liberty, Kentucky 42539<br><br>BARTLE FUNERAL HOME, INC.<br>Serve:<br>Betty B. Clark, President and Registered Agent<br>142 KY Hwy 49<br>Liberty, Kentucky 42539-0238<br><br>       Defendants. | Civil Action No:  1:19-cv-158-GNS |

## COMPLAINT IN INTERPLEADER

American United Life Insurance Company ("AUL"), by and through its undersigned counsel, hereby files this Interpleader Complaint and states and alleges as follows:

### PARTIES

1. Plaintiff AUL is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.

2. Defendant Cindy Rae Anderson Lynn ("Lynn") is, upon information and belief, a citizen of the State of Kentucky who resides at 3780 Shugars Hill Rd., Liberty, Kentucky and is the wife of Decedent William Loyd Lynn, Jr. ("Decedent").

3. Cynthia N. Sears ("Sears") is, upon information and belief, a citizen of the State of Kentucky who resides at 3780 Shugars Hill Rd., Liberty, Kentucky, and is the daughter of Decedent.

4. Bartle Funeral Home, Inc. ("BFH") is a corporation organized and existing under the laws of the State of Kentucky, with its principal place of business in Liberty, Kentucky.

## JURISDICTION AND VENUE

5. The Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e)(1) because this lawsuit concerns the interpleader of defendants' potentially competing claims to certain group term life insurance benefits due under an employee welfare benefit plan insured by AUL and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, et seq. Interpleader is a form of "appropriate equitable relief" available under 29 U.S.C. § 1132(a)(3)(B) and federal jurisdiction is exclusive pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue is proper in this district because at least one of the interpleader defendants resides or may be found herein. 29 U.S.C. § 1132(e)(2).

## FACTS

7. Decedent was formerly employed by Tarter Farm & Ranch Equipment ("Tarter") and, by virtue of his employment, a participant in its employee welfare benefit plan providing certain life insurance benefits ("the Plan").

8. AUL insured the Plan under Group Term Life Insurance Policy Number G 00614768-0000-000 (the "Policy", Exhibit A).

9. As a participant under the Policy, Decedent had life insurance benefits in the amount of $10,000.00 and accidental death benefits in the amount of $10,000.00 ("the Benefits").

10. On or about March 22, 2016, Decedent completed a Beneficiary Designation for the Policy in which he named Lynn, his wife, 100% primary beneficiary. He did not identify any contingent beneficiaries. *See* Beneficiary Designation, Exhibit B.[1]

11. On or about December 5, 2016, Decedent died from a gunshot wound to the abdomen. *See* Death Certificate, Exhibit C.

12. On or about December 9, 2016, Cindy signed an Assignment of Proceeds of Insurance in the amount of $3,677.00 to BFH for funeral services for Decedent. *See* Assignment, Exhibit D.

13. On or about February 28, 2017, AUL received a Proof Death Claim Form from Tarter.

14. On or about March 2, 2017, AUL wrote to Lynn, the named beneficiary, acknowledging receipt of the claims for Benefits under the Policy, and indicated that additional information may be needed to proceed with the claim review.

15. On or about March 7, 2017, AUL requested the police incident report regarding Decedent's death from the Kentucky State Police ("KSP").

16. On or about March 10, 2017, KSP responded that the investigation was still ongoing and it denied AUL's request for the police report. It instead offered to provide the initial KYIBRS report, which was so provided on April 10, 2017, and which indicated that the death was under investigation.

17. On or about April 18, 2017, KSP informed AUL that Lynn was the primary suspect in connection with the shooting death of Decedent.

---

[1] All Exhibits have been redacted to prevent disclosure of private identifying information pursuant to Fed. R. Civ. P. 5.2(a).

31800107v.1

18. On or about April 20, 2017, AUL informed Lynn that it was awaiting further information from KSP and that it would keep her updated as to the status of its review.

19. AUL continued periodic requests to KSP for updated information and kept Lynn informed that its review was pending further information from KSP.

20. On or about May 22, 2017, Detective Burton confirmed to AUL that Lynn was still the primary and only suspect for the shooting death of Decedent. He indicated he was awaiting cell phone records and a polygraph test from Lynn.

21. On or about June 22, 2017, AUL spoke to Tarter to explain it was awaiting the police report, pointing out that the Policy gives AUL the right, at its option, to require police reports with the proof of death or any other documents AUL may deem reasonably necessary to determine what benefits and to who benefits are owed. Jessica Sayer, in Tarter's HR department, indicated she had information that Lynn was not a suspect and that KSP had a "vendetta" against Lynn.

22. On or about July 17, 2017, Detective Burton told AUL that Lynn was still the primary suspect and that lab results were needed to proceed with pressing charges.

23. In or around February 2018, Decedent's case was sent to the prosecutor's office, and KSP told AUL that the case was still under review.

24. AUL continued to request periodic updates from KSP and it continued to keep Lynn informed of the need for further information to process the claim.

25. Upon information and belief, in case No. 19-F-00124, *Commonwealth vs. Lynn*, a preliminary hearing was held on or about September 19, 2019, in which the Court found probable cause and bound the case over to a grand jury.

26. KRS § 381.2801(1) provides:

> If the husband, wife, heir-at-law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy takes the life of the decedent or victimizes the decedent by the commission of any felony under KRS Chapter 209 and in either circumstance is convicted therefor, the person so convicted forfeits all interest in and to the property of the decedent, including any interest he or she would receive as surviving joint tenant, and the property interest or insurable interest so forfeited descends to the decedent's other heirs-at-law, beneficiaries, or joint tenants, unless otherwise disposed of by the decedent. A judge sentencing a person for a offense that triggers a forfeiture under this section shall inform the defendant of the provisions of this section at sentencing.

27. Additionally, under Kentucky common law, even without a felony conviction, a party may "attempt to prove the beneficiary feloniously killed the insured in civil proceedings to prevent the alleged slayer from collecting under the insurance policy." *Reliance Stand. Life Ins. Co. v. Stafford*, CIVA 4;06CV111 M, 2007 WL 1576719, at *2 (W.D. Ky. May 29, 2007) (explaining that KRS 381.280 does not replace the common law rule). *See also Natl. Life Ins. Co. of Montpelier, Vt. v. Hood's Adm'r*, 94 S.W.2d 1022, 1023 (Ky. 1936) (a beneficiary cannot recover insurance proceeds if he "feloniously kills the insured, irrespective of the purpose.").

28. If Lynn is found to have feloniously killed Decedent, and thus forfeited her right to benefits, then Sears would become the beneficiary of the Policy Benefits:

> **Section 18 – DETERMINATION OF BENEFICIARY**
>
> Once acceptable proof of death is received, AUL will determine the Beneficiaries or payees in the following order:
>
> …
>
> 3) If no named Beneficiaries outlive the Employee or none were named, then at AUL's option, the closest surviving heir(s) if the benefits could be paid to these heir(s) under applicable small estate laws. Heirs will be considered in descending order of preference as follows:
>
>     a) spouse;

      b)      child(ren);

      c)      parent(s); or

      d)      brother(s) and sister(s).

29. Further, if Lynn is determined to have feloniously killed Decedent, then BFH would have no claim for the proceeds by virtue of Lynn's assignment. *Natl. Life Ins. Co. of Montpelier, Vt. v. Hood's Adm'r*, 94 S.W.2d 1022, 1023 (Ky. 1936) (citations omitted) (assignee of beneficiary that killed insured did not have enforceable claim to proceeds; "One undertaking to subject the proceeds to the payment of an obligation of the beneficiary stands in the same capacity.").

30. The Policy states:

> Benefits will be paid only if AUL decides in its discretion the person is entitled to them and after AUL approves the payment method. Any person who becomes entitled to receive any portion of the proceeds under this policy shall be entitled to receive payment of interest if any payment is not received by such person within 30 days after the event giving rise to the obligation and after all requested information is received by AUL. Interest payable shall be calculated at an annual rate after all requested information is received by AUL. The rate of interest payable shall be the lesser of 3% or that rate, as determined from time to time by AUL, applicable to proceeds of life insurance left on deposit with AUL and subject to withdrawal on demand.

## CAUSE OF ACTION - INTERPLEADER

31. AUL incorporates paragraphs 1 through 30 of this Interpleader Complaint as if the same were set forth herein at length.

32. The conflicting and competing claims and/or potential claims of Defendants expose AUL to the threat of double or multiple liability.

33. Defendants should be compelled to interplead their respective claims to the Benefits, and, following deposit of the interpleader funds, AUL should be discharged by the

Court without further obligation to pay any benefits to anyone under the Policy as a result of the death of Decedent, and should be dismissed from this civil action, with prejudice.

WHEREFORE, AUL prays for the following:

(a) That Defendants be required to interplead and settle between themselves their respective rights to the Benefits payable under the Policy by virtue of Decedent's death.

(b) That Defendants be restrained, pursuant to 28 U.S.C. § 2361, from instituting or further prosecuting any other proceeding in any court affecting the rights and obligations as between the parties to this interpleader action until further order of the Court.

(c) That AUL be granted permission to deposit with the Clerk of the Court $20,000.00, the amount of the Benefits, together with applicable interest.

(d) That the Clerk be directed, upon tender by AUL of the Benefits in the amount of $20,000.00, together with applicable interest, to deposit that sum in an interest-bearing account pending resolution of the claims by Defendants.

(e) That AUL be discharged from any further liability to Defendants, or to anyone whatsoever, under the Group Life Policy on account of Decedent's death; be dismissed with prejudice from this civil action; and be allowed to recover costs and expenses incurred in bringing this action, together with reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and federal common law.

(f) That AUL be awarded any and all other relief the Court deems proper.

31800107v.1

Dated: October 30, 2019

STURGILL, TURNER, BARKER & MOLONEY, PLLC

By: /s/ *Joshua M. Salsburey*
Joshua M. Salsburey (89038)
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
Telephone: (859) 255-8581
Telecopier: (859) 231-0851
jsalsburey@sturgillturner.com

Robyn L. Anderson
(Pro Hac Vice to be filed)
LATHROP GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
randerson@lathropgage.com

ATTORNEYS FOR PLAINTIFF

X:\WDOX\CLIENTS\62984\0107\PLEADING\01192372.DOCX